UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 10-CV-3163 |
| | ) | |
| LARRY PHILLIPS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

There are 17 plaintiffs in this case, all detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. They pursue First Amendment claims challenging a blanket ban on R-rated movies and M-rated video games. This case was stayed while the same claim in another case was decided. Smego v. Payne, 09-cv-3244 (C.D. Ill., Judge Baker). In that case, Judge Baker upheld the constitutionality of the blanket ban. The stay in this case was then lifted, Judge Baker noting that:

1

> While the plaintiffs [in this case] were not parties to [Smego v. Payne], the same legal principles will apply in this case. In *Smego* the court acknowledged that a blanket ban did exist, but upheld that ban based on the defendants' legitimate interests in running the facility and rehabilitating the residents. The same conclusion appears to be inevitable in this case. The plaintiffs, however, will be given an opportunity at discovery, since they were not parties to the prior suit.

This case thus proceeds on the blanket ban claim, plus a supplemental claim that the defendants retaliated against the plaintiffs for filing this lawsuit. Discovery is set to close on October 31, 2011, and dispositive motions are due the next month.

On September 16, 2011, this case was transferred to this Court, due to this judge's appointment as a U.S. District Judge in Springfield, Illinois. This case is now before the Court to deal with several pending motions.

Plaintiffs have filed a motion requesting the Court to order the Rushville administrators to allow them to use the interoffice mail or the U.S. mail to communicate with each other, so they may better coordinate this lawsuit. According to Plaintiffs, some of them have been scattered to

different units which preclude personal interactions.

The motion will be denied as unnecessary. Judge Baker recently entered an order in another Rushville case, Lane v. Kibby, 07-cv-3332, in which he found that the residents at Rushville are permitted to communicate with each other through the U.S. mail. If Plaintiffs' attempts to use the U.S. mail are refused, Plaintiffs may file a motion to compel.

Plaintiffs' next motion seeks to add Alfreda Kibby, the acting Director of the facility, as a defendant with regard to the retaliation claim. According to Plaintiffs, Kibby retaliated against them for this lawsuit by expanding the media ban to include all gaming equipment.

The Court construes the claim against Kibby as one against her in her official capacity because Plaintiffs are challenging an official policy of the facility. Accordingly, Kibby will be substituted for Defendant Phillips on the official capacity claim. Phillips will remain in his individual capacity, to the extent such a claim exists against him. The Court notes that plaintiffs in other pending Rushville cases have recently maintained

that Kibby has been replaced by another individual named Forest Ashby, but the Court has no independent verification of this. For now, Kibby will be substituted.

The last issue is a notice filed by Plaintiff Lewis, who objects to mail in this case being sent to a plaintiff who has voluntarily dismissed himself, Stephen Simons. He asks that "all parties stop serving dismissed Plaintiff Stephen Simons with documents and instrument related to this case."

Whether or not mail is sent to Mr. Simons has no effect on Mr. Lewis. Therefore, Mr. Lewis does not have standing to make this request. In any event, the Court cannot stop persons from mailing documents to each other. If Mr. Simons is receiving mail from this Court and wishes to stop receiving mail from this Court, Mr. Simons may file his own motion with the Court.

IT IS THEREFORE ORDERED:

1. Plaintiffs' "Motion Seeking Relief of Communication" is denied as moot. (d/e 54). Plaintiffs may use the U.S. mail to communicate

with each other if they are unable to personally interact.

2. Plaintiffs' "Motion to Amend/Correct Complaint" is granted to the extent it seeks to add Alfreda Kibby as a defendant in her official capacity. (d/e 55). Pursuant to Fed. R. Civ. P. 25(d), Alfredy Kibby is substituted for Defendant Phillips in his official capacity as Director. Phillips remains as a defendant in his individual capacity.

3. The request by Plaintiff Lewis to have everyone stop sending mail in this case to Mr. Simon is denied (d/e 67).

ENTERED: 9/21/2011

FOR THE COURT:

                                s/Sue E. Myerscough
                                SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE