E-FILED
Tuesday, 13 November, 2012  10:29:29 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL LEWIS, et al.,           )
                                 )
        Plaintiffs,              )
                                 )
        v.                       )        10-CV-3163
                                 )
LARRY J. PHILLIPS, et al.,       )
                                 )
        Defendants.              )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiffs are detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.  This case began as a challenge to a blanket ban on R-rated movies and M-rated video games.  The blanket ban was then replaced with a list of banned movies and games, which Plaintiffs also challenge.  Plaintiffs also pursue a claim that in March 2011 the facility implemented a ban on all video gaming systems in retaliation for this lawsuit and other similar lawsuits.  Plaintiffs now seek to add a claim challenging the latest changes to the

1

rules on movies and video games which were put in place on October 4, 2012.  For the reasons below, Plaintiffs will be permitted to add that claim.

Plaintiffs move to compel documents which Defendants have refused to produce on grounds of attorney-client privilege, work product doctrine, deliberative process privilege, and security concerns.  The Court granted Plaintiffs' motion to compel to the extent Plaintiffs sought an in camera review of the documents.  Now before the Court is Defendants' motion for an in camera review of the documents.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

Defendants' list of privileged documents is confusing, particularly with regard to the emails, because the list does not refer to the Bates numbers of the in camera documents.  Discerning which emails constitute numbers 1-20 in the "attorney-client privilege" section of Defendants' privilege log versus numbers 22-48 in the "deliberative

process privilege" section is difficult.  Many of the emails are duplicative and marked inconsistently.  The Court has done its best to review each document to determine whether the document is protected from disclosure for any of the reasons asserted by Defendants.

I.    The deliberative process privilege applies to most of the documents, but Plaintiffs' need for the documents is sufficient to overcome the privilege.

"The deliberative process privilege protects communications that are part of the decision-making process of a governmental agency."  U.S. v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993).  This privilege encourages the candor essential to effective and efficient government decision-making.  Id.  The privilege applies to documents which are "predecisional" and part of the deliberative process.  Enviro Tech Intern., Inc. v. U.S. E.P.A., 371 F.3d 370, 375 (7th Cir. 2004)(2004)(EPA's internal documents discussing proposed rule were protected by the deliberative process privilege).  The privilege "may be overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality."  Id.  However, "[r]elevance alone" is not

enough to overcome the privilege.  <u>Farley</u>, 11 F.3d at 1390 (documents regarding the FTC's deliberations on whether to sue were protected by the deliberative process privilege).  Illinois does not recognize this privilege.  However, federal common law applies since Plaintiff's claims are based on federal law.  <u>Birkett v. City of Chicago</u>, 184 Ill.2d 521 (1998)(no deliberative process privilege under Illinois law); Fed. R. Evid. 501 (federal common law governs privilege claim unless case is a civil case based on state law).

The emails, minute meetings, and memo drafts regard fact-gathering and deliberations about whether and to what extent video gaming systems should be allowed at the facility; the therapeutic and security concerns presented by video gaming systems; the exploration of alternatives to a total ban; legal aspects of limiting gaming systems; and explanation of the gaming policy to residents.  This deliberative process culminated in a memo to residents issued in March 31, 2011 implementing a ban on gaming systems and other electronics.

These documents are clearly part of the deliberative process.

4

However, Plaintiffs claim that the March 2011 memo was issued in retaliation for this lawsuit and others like it.  In order to prove their retaliation claim, Plaintiffs must have evidence that the March 2011 policy was motivated, at least in part, by retaliation.  Deliberations leading up to that policy could be relevant to show Defendants' motive and intent.  (In the Court's opinion, the documents actually show the lack of any retaliatory motive, but that is not relevant to determining whether the documents are protected from disclosure).

District court cases have recognized an exception to the deliberative process privilege where intent is central to proving a claim. See, e.g., U.S. v. Lake County Board of Commissions, 233 F.R.D. 523, 527 (N.D. Ind. 2005)("dominant view is that . . . the deliberative process privilege does not apply when the government's intent is at issue"); Scott v. Board of Educ. of East Orange, 219 F.R.D. 333 (D.N.J. 2004)(in a federal retaliation claim based on termination, plaintiff could depose board members about discussions regarding plaintiff's termination because information was necessary to challenge board's

5

stated reasons for termination); <u>Dunnet Bay Construction Co. v. Hannig</u>, 2012 WL 1599893 * 3 (7th Cir. 2012)(C.D. Ill., Magistrate Judge Cudmore)(not published in F.Supp.2d); <u>Doe v. Freeburg School Dist.</u>, 2011 WL 2013945 *3 (S.D. Ill., Magistrate Judge Wilkerson)(not published in F.Supp.2d); see also <u>Enviro Tech Intern. v. U.S. E.P.A.</u>, 371 F.3d 370, 376 (7th Cir. 2004)(assuming that "nefarious" internal agency discussions are not entitled to deliberative process privilege).

In addition to the Defendants' intent being central to Plaintiffs' retaliation claim, some of the information in the in camera documents has already been disclosed by Defendants.  For example, the March 2011 memo already discloses much of the same information included in the prior drafts of the memo.  Also, some of the information regards objective facts, such as how other states handle the issue.  See  <u>S.E.C. v. Sentinel Management Group, Inc.</u>, 2010 WL 4977220 *3 (N.D. Ill., Magistrate Judge Finnegan)(not published in F.Supp.2d)(deliberative process privilege does not apply to objective facts).

For the above reasons, the Court concludes that the deliberative

process privilege does not protect the in camera documents from disclosure.

II.  The attorney-client privilege protects many of the documents.

The attorney-client privilege protects communications made in confidence for the purpose of obtaining legal advice.  <u>Sandra T.E. v. South Berwyn School Dist. 100</u>, 600 F.3d 612, 618 (7th Cir. 2010). The privilege applies when legal advice is sought from an attorney in a confidential communication for that purpose.  "[T]he attorney-client privilege protects not only the attorney-client relationship in imminent or ongoing litigation but also the broader attorney-client relationship outside the litigation context."  <u>Id.</u>, 600 F.3d at 620.

The Court has reviewed all of the in camera documents and concludes that the following are protected by the attorney-client privilege as confidential attorney-client communications regarding the creation and defense of the gaming policy from a legal perspective: Bates numbers 28-44, 49-50, 54-55, 59-61, 68, 71, 74, 76, 83-84.

III.  The documents are not protected by the work product doctrine.

The work product doctrine is distinct from the attorney-client privilege.  The work product doctrine protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ."  Fed. R. Civ. P. 26(b)(3)(A).  "[W]e look to whether in light of the factual context 'the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'"  Logan v. Commercial Union Insurance Co., 96 F.3d 971, 976-77 (7th Cir. 1996)(quoted cite omitted).  However, "[t]he mere fact that litigation does eventually ensue does not, by itself, cloak materials . . . with the work product privilege."  Binks Mfg. Co. 709 F.2d at 1118 (7th Cir. 1983).

The in camera documents all relate to the discussion of what the gaming system policy should be and how that policy should be explained to the residents.  Defendants do not explain how these documents were prepared in anticipation of litigation.  Legal aspects were necessarily discussed in the documents, and Defendants reasonably expected a legal

challenge to the policy, but that does not mean that the documents were prepared in anticipation of litigation. <u>Binks Mfg. Co.</u> 709 F.2d at 1118 (7th Cir. 1983). The documents were prepared in order to determine the facility's policy on gaming systems. A policy would have been required regardless of the prospect of litigation. Therefore, the documents are not protected by the work product doctrine.

IV.    Disclosure of several of the documents would present security risks.

Defendants list two documents which they have withheld on security grounds, both described as investigative reports. However, the Court sees only multiple copies of one document in the record. This document is a report detailing investigations into actual and potential security threats presented by gaming systems. (Bates numbers 22, 88, 92.)

Disclosing this document would clearly present security concerns. As Defendants assert, disclosing this information might provide residents with a "blue print" for breaching the facility's security. Thus, the Court will not compel the production of the report.

9

The information in the report is repeated verbatim in several emails.  These emails must also necessarily be protected from disclosure on security grounds.  Additionally, the Court has concluded that additional emails could present security concerns because those emails also detail the security risks of electronic devices.

The Court finds that the security concerns protect the following documents from disclosure: Bates numbers 11, 12, 16, 19 (first three paragraphs of email), 22, 23, 24, 26, 45, 47, 52, 53, 57, 88-89, 92-93.

Defendants also argue that disclosing the documents may "hamper the therapeutic environment" and allow residents to target staff based on the staff's positions in the emails.  However, the Court has reviewed the documents it is not protecting from disclosure, and none of those documents appears to present this risk.

III.  Plaintiffs' motion for summary judgment will be denied, with leave to renew.

Plaintiffs' motion for summary judgment attempts to substantially broaden the claims that are proceeding in this case.  For example, Plaintiffs assert that they challenge the denial of all types of media,

"whether it be a DVD, CD-ROM, books, magazine, or any other type of media . . . ."  (Plaintiffs' motion for summary judgment, d/e 113, p. 1.) Plaintiffs also challenge rogue actions by some guards who have allegedly not allowed approved media.  Id., proposed undisputed fact 29. Additionally, Plaintiffs challenge the institution of a 2004 policy to treat residents as a "common enemy."  Id., proposed undisputed facts 140-145.  Also, many of Plaintiffs' proposed facts in their summary judgment motion are arguments which belong in Plaintiffs' argument section. And, Plaintiffs have recently moved for discovery on what they describe as an even more restrictive policy on movies and games implemented on October 4, 2012.  This new policy is not addressed in Plaintiffs' current motion for summary judgment.

For these reasons, Plaintiffs' motion for summary judgment will be denied with leave to renew after discovery has closed.  Plaintiffs should limit their facts and arguments in their renewed summary judgment motion solely to the claims in this case.

11

IV.   Plaintiffs' motion to conduct additional discovery is construed as
      a motion to supplement their claims under Federal Rule of Civil
      Procedure 15(d).  The motion will be granted over Defendants'
      objections.

Plaintiffs assert that on October 4, 2012, the policy regarding

movies and video games was revised again.  More titles were allegedly

added to the banned list, and, according to the attachment to the

motion, movies rented from Netflix, Blockbuster, or other commercial

entities are now limited to those rated PG-13 or below.  Additionally,

movies from pay movie channels are prohibited.  Plaintiffs do not know

who is personally responsible for implementing this latest policy.

Plaintiffs seek to conduct discovery on this new policy.

Defendants object, arguing that adding this claim will unduly delay the

progression of this case and prejudice them.  Defendants assert that the

new policy is not related to the original policy that was the subject of

this lawsuit filed more than two years ago, nor is the new policy related

to the banned list that replaced that original policy.

What Plaintiffs actually seek, in addition to discovery, is to

supplement their Complaint to challenge this new policy.  Fed. R. Civ. P.

15(d) states that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Relevant factors in deciding whether the motion should be allowed include whether "the new claim is being added in a desperate effort to protract the litigation and complicate the defense; its probable merit; whether the claim could have been added earlier; and the burden on the defendant of having to meet it."  <u>Glatt v. Chicago Park Dist.</u>, 87 F.3d 190, 194 (7th Cir. 1996).

Discovery is currently set to close 30 days after the Court rules on whether the in camera documents should be produced, with dispositive motions due 30 days thereafter.  Defendants are correct that these deadlines regard the claims that are proceeding, not the new claim Plaintiffs seek to add.  The extension of discovery to 30 days after a ruling on the in camera documents was intended to address whatever remnants of discovery might remain in relation to the in camera documents.

13

However, this case concerns restrictions on Plaintiffs' access to video games and movies, which is the same issue addressed by the new policy.  The Court does not intend to allow a supplemental claim each time the policy changes, but here discovery has not yet officially closed. Defendants have not filed a motion for summary judgment, nor have Defendants been required to file a response to Plaintiffs' pending motion for summary judgment.  Further, no evidence of dilatory tactics is present on Plaintiffs' part.  Plaintiffs filed their motion just one week after the new policy was implemented.

Plaintiffs could file a separate case to challenge the new policy, but that would be an inefficient approach to addressing this issue.  The same justifications are likely to be as relevant to the new policy as to the prior policies.  Plaintiffs may discover that the named Defendants in this case were not personally responsible for the new policy, but in that event the current Defendants could move to sever the new claim if they are concerned about undue delay.  Moreover, additional discovery will be allowed only regarding the new policy, which will limit the burden on

14

Defendants.  For all these reasons, Plaintiff's motion will be allowed.

IT IS THEREFORE ORDERED:

1.   Defendants' motion for an in camera inspection is granted (141).

Based on an in camera review, the Court concludes that the

following documents are protected from disclosure: Bates numbers

11, 12, 16, 19 (first three paragraphs of email), 22, 23, 24, 26, 28-

45, 47, 49-50, 52, 53, 54-55, 57, 59-61, 68, 71, 74, 76, 83-84, 88-

89, and 92-93.  The rest of the documents are not protected and

shall be produced to Plaintiffs by November 30, 2012.

2.   Plaintiffs' motion to conduct discovery is construed as a motion to

supplement their Complaint with a claim challenging the movie

and game policy implemented on October 4, 2012.  The motion is

granted (d/e 145).

3.   Discovery is closed regarding all claims except for Plaintiff's claim

challenging the movie and game policy implemented on October 4,

2012.  Discovery on the October 2012 policy is open and shall

close on February 28, 2013.

4.      Dispositive motions are due March 29, 2013.

5.      Plaintiffs' motion for summary judgment is denied (d/e 113), with

leave to renew after discovery closes and by the dispositive motion

deadline of March 29, 2013.

ENTERED: November 13, 2012

FOR THE COURT:

                     s/Sue E. Myerscough
                    SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE

16