E-FILED
Friday, 30 June, 2017 12:51:46 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL LEWIS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 10-CV-3163 |
| LARRY PHILLIPS, et al., | ) |
| Defendants. | ) |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

This case began as a multi-plaintiff challenge to the restrictions on certain video games, movies, and video gaming consoles at the Rushville Treatment and Detention Center, a facility housing individuals pursuant to the Illinois Sexually Violent Persons Act. A retaliation claim also proceeded.

This Court granted summary judgment to Defendants on all claims. The Seventh Circuit reversed as to the claim challenging the restrictions on certain movies and video games. Brown v. Phillips, 801 F.3d 849 (7th Cir. 2015). Only one Plaintiff remains, Eugene Brown, with a claim for injunctive relief against one Defendant, Gregg Scott, the facility Director.

Defendant Scott renews his motion for summary judgment, attaching the affidavits of Shan Jumper, PH.D., the Clinical Director at Rushville, and James Clayton, the Security Director at Rushville.

The problem with Defendants' summary judgment motion is that Defendants do not grapple with the Seventh Circuit's concerns expressed in <u>Brown</u>. <u>Brown</u> can be read as requiring objective data to support Defendants' conclusion that the prohibited movies and games might actually further security and rehabilitation goals. Common sense is not enough. <u>Brown</u>, 801 F.3d at 854 ("some data is needed to connect the goal of reducing the recidivism of sex offenders with a ban on their possessing legal adult pornography."); *see also* <u>Payton v. Cannon</u>, 806 F.3d 1109 (7th Cir. 2015)(affirming prison's ban on sexually explicit materials primarily because plaintiff offered no evidence to counter, but noting that scientific analysis and data are the preferable basis to inform prison policy, not warden's impressions).

Dr. Jumper cites his consultations with unidentified professionals and his education and experience, but his conclusions still seem largely based on unsupported assumptions.

He also cites various studies on pornography and sexual aggression, which are not attached to the motion.  He does not adequately explain the basis for his conclusion that these studies support restricting these particular movies and video games.  For example, the relevance of a study on violent pornography to the prohibition on a game with "partial nudity, sexual themes, simulated gambling" is not apparent.  ("Dead or Alive Extreme Beach Volleyball," d/e 165-2, p. 15.)  How do the studies on pornography and aggression support the prohibition of the movie "An Officer and a Gentleman" or "Horrible Bosses"?  (d/e 264-3, p. 12.)

      The restricted list also states that "staff has the right to refuse any movie that appears questionable to staff."  (d/e 264-3, p. 8.)  Who is authorized to exercise that discretion and how?  Plaintiff asserts that security guards who are not clinical therapists often decide which movies are put on the restricted list.  And, Plaintiff makes a good point that "sexually explicit" is not defined.

      Dr. Jumper points out that a conditionally released resident must abide by certain rules, including a rule against possessing "material that is pornographic, sexually oriented, or sexually

stimulating, or that depicts or alludes to adult sexual activity or depicts minors under the age of 18, . . . ." (Jumper Aff. ¶ 27.)  He concludes that the restricted movie and video game list helps prepare residents for their possible conditional release.  However, he does not explain why restricted access to some "sexually explicit" material now would make it easier to comply with arguably much broader restrictions on conditional release.  Additionally, the conditional release rules may themselves be without logical basis. Brown, 801 F.3d at 854 (*citing* United States v. Taylor, 796 F.3d 788, 792–93 (7th Cir.2015) (vacating supervised release condition prohibiting legal adult pornography); United States v. Siegel, 753 F.3d 705, 709 (7th Cir.2014)(allowing rapist to view legal pornography might decrease recidivism)).

    The concerns by Security Director Clayton about trading and trafficking "sexually explicit materials" are also too conclusory.  Some of the movies and games that *are* allowed also likely contain sexual content, and trading and trafficking concerns apply to all property a resident owns.

    In the end, Dr. Jumper's conclusions still appear based on his experience, common sense, and what other states and facilities are

doing, which is not enough under Brown.  Without more, arguably summary judgment should be granted to *Plaintiff* under Brown.  The Court is not saying that prohibiting some of the games and movies might have scientific support, such as those portraying sexual violence such as rape.  But the affidavits are still too conclusory to draw even that conclusion.

At this point, the case will be referred for settlement.  If settlement is unsuccessful, a conference will be set to discuss how the case will proceed.

**IT IS ORDERED:**

(1) Defendant's motion for summary judgment is denied (d/e 263).

(2) This case is referred to the Magistrate Judge for a settlement conference.

(3)  The clerk is directed to inform the Magistrate Judge of the referral of this case for a settlement conference.

ENTER: June 30, 2017

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                  SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE